A. B. BROWN, Appellee, v. O. B. WEST et al., Appellants.

No. 43397.

JULY 31, 1936.

Lehmann, Hurlburt & Hossfeld, for appellee.

Neiman & Leake, for appellants.

KINTZINGER, J.—On August 16, 1935, A. B. Brown, plaintiff, appellee herein, sold a certain radio to one J. C. Shoemaker under a conditional sales contract, duly filed and recorded in accordance with the provisions of sections 10015 to 10020 of the Code of 1931 (chapter 211 of the Acts of the 42d General Assembly). The purchase price of the radio was $125, upon which there was due a balance of $110.00. Prior to that time the defendant West had secured a judgment in the district court of Polk county, Iowa, against said Shoemaker. After the purchase of said radio, and after filing and recording the conditional sale contract therefor, appellant West had the sheriff of Polk county levy an execution upon said radio under his judgment. Before the sale the sheriff was duly notified of appellee's claim to said property, and after appellant filed an indemnifying bond to protect the sheriff, he sold the property and credited the proceeds on the judgment.

Appellant contends that neither he nor the sheriff had either actual or constructive notice of the existence of the conditional sale contract at the time of the levy, because sections 10015 to 10020 of the Code of 1931, adopted as chapter 211 of the Acts of the 42d General Assembly, were invalid because not adopted in accordance with the requirements of section 17, Article III, of the State Constitution.

No other defense is alleged. As the record shows that the conditional sale contract and copy thereof had been duly filed and recorded, as required by sections 10015 to 10020, prior to the issuance of the execution, it necessarily follows that if chapter 211 of the Acts of the 42d General Assembly was adopted in accordance with the provisions of the Constitution, the judgment of the lower court is correct.

The lower court held that the recording acts in question, adopted as chapter 211 of the Acts of the 42d General Assembly,

were passed in substantial compliance with section 17, Article III, of the State Constitution, and entered judgment in favor of appellee in the sum of $110, with interest and costs. Hence the appeal.

Appellant contends that the court erred in holding that the acts in question were adopted in compliance with section 17, Article III, of the State Constitution.

Section 17, Article III, of the State Constitution provides as follows:

"No bill shall be passed unless by the assent of a majority of all the members elected to each branch of the General Assembly, and the question upon the final passage shall be taken immediately upon its last reading, and the yeas and nays entered on the journal."

Appellant contends that the act in question was not adopted in accordance with the requirements of the constitutional provisions hereinabove referred to, and that the ruling herein should be governed by the case of Smith v. Thompson, 219 Iowa 888, 258 N. W. 190, 197. As pointed out in that case, however, this court said, loc. cit. 900:

"Under the record before us, it must be held that the act in question was never before the House for an aye and nay vote on its final passage, and that the adoption of the fragmentary report of the conference committee did not suffice and did not meet the constitutional requirement that a vote 'shall be taken immediately upon its last reading, and the yeas and nays entered on the journal.' "

The bill in question here was introduced and adopted as Senate File No. 110 in both branches of the legislature, and when finally adopted by a majority vote in both Houses by an aye and nay vote, the record thereof was duly entered on the journal in each House. It was thereafter duly enrolled and signed by the Governor on April 6, 1927. The procedure in the case at bar was unlike that followed in the case of Smith v. Thompson, 219 Iowa 888, 258 N. W. 190.

With reference to the case of Smith v. Thompson, supra, this court, in the recent case of Scott v. State Board of Assessment and Review, 221 Iowa 1060, 1065, 267 N. W. 111, 114, said:

"The opinion, after holding the act unconstitutional (on other grounds) * * *, proceeds to consider the further question whether the Legislature in passing the act had observed section 17 of Article III * * * of the Constitution * * *. The opinion in Smith v. Thompson discloses the fact that the legislative act * * * involved had the following history: Three bills originated in the House and after passing were received in the Senate. What occurred in the Senate after these bills were received and referred to the sifting committee is not definitely shown; that it is fair to assume that there was prepared and presented to the Senate a substitute for the three bills, the substitute being known in the record as Senate File No. 479. The opinion further discloses *that nowhere in the record does it appear that the House of Representatives ever voted upon Senate Bill No. 479,* or that the ayes and nays were called and recorded on the question of the final adoption or passage of the act. (Italics ours.) The opinion recites that under the record it must be held that the act in question was never before the House for a yea and nay vote on its final adoption, and that the adoption of the fragmentary report of the conference committee did not suffice and did not meet the constitutional requirement that a vote 'shall be taken immediately upon its last reading, and the yeas and nays entered on the journal.' It was upon this finding as to the state of the record before the court that it was held that section 17 of Article III had not been observed, and the act held unconstitutional. In the case at bar both Houses had passed House File No. 1, and the fact situation determinative of Smith v. Thompson is not before us. It follows that the Smith case does not sustain plaintiff's contention."

The ruling in Scott v. State Board of Assessment, 221 Iowa 1060, 267 N. W. 111, was also followed in State v. Arluno, 222 Iowa 1, 268 N. W. 179.

Likewise in the case at bar, both Houses of the Legislature duly passed Senate File No. 110, with all amendments thereto, and the fact situation determinative of Smith v. Thompson, 219 Iowa 888, 258 N. W. 190, is not before us. The record in this case shows that Senate File No. 110 was duly passed by both Houses, and that the bill was duly adopted by a constitutional majority on a yea and nay vote in each House, and the record of said vote was duly entered in the journal of each House. We

have carefully examined the record in this case and without setting out in detail the facts relating to the legislative procedure in this case, it is our finding that the procedural facts in the present case are substantially identical, except as to dates, with the procedure followed in the case of Scott v. State Board of Assessment, 221 Iowa 1060, 267 N. W. 111, and State v. Arluno, supra, and we are controlled by the rule announced therein. The reasons given for the conclusions reachéd in those cases are fully considered therein, and a further discussion thereof is deemed unnecessary here, a reference thereto being deemed sufficient.

We are, therefore, impelled to hold that Senate File No. 110 of the Acts of the 42d General Assembly was substantially enacted in compliance with the provisions of section 17, Article III, of the State Constitution.

For the reasons hereinabove given, the judgment of the lower court is hereby affirmed.—Affirmed.

PARSONS, C. J., and ALBERT, MITCHELL, STIGER, DONEGAN, RICHARDS, and HAMILTON, JJ., concur.